Dear Lt. Templet:
This office in receipt of your opinion request relating to the following:
Whether or not the perception of death or serious bodily injury is required under both LSA-R.S. 14:20 (3) and LSA-R.S. 14:20 (4) or do these two sections stand alone (i.e. does a homeowner have to be in fear of death or great bodily harm in order to shoot an intruder who has made an illegal entry into his or her home)?
You have actually asked a two part question, the first of which addresses the differences between two sections of LSA-R.S. 14:20
"Justifiable Homicide" and the second deals with how a specific factual situation could be interpreted in light of these two sections.
In addressing the first part of your question, under LSA-R.S.14:20 (3) a homicide is justifiable:
 When committed against a person whom one reasonably believes to be likely to use any unlawful force against a person present in a dwelling or a place of business or when committed against a person whom one reasonably believes is attempting to use any unlawful force against a person present in a motor vehicle as defined in R.S. 32:1 (40), while committing or attempting to commit a burglary or robbery of such dwelling, business, or motor vehicle. The homicide shall be justifiable even though the person does not retreat from the encounter.
Under LSA-R.S. 14:20 (4) a homicide is justifiable:
 When committed by a person lawfully inside a dwelling, a place of business, or a motor vehicle as defined in R.S. 32:1(40), against a person who is attempting to make an unlawful entry into the dwelling, place of business, or a motor vehicle, or who has made an unlawful entry into the dwelling, place of business, or a motor vehicle, and the person committing the homicide reasonably believes that the use of deadly force is necessary to prevent the entry or to compel the intruder to leave the premises or motor vehicle. The homicide shall be justifiable even though the person committing the homicide does not retreat from the encounter.
The language of the two statutes can be distinguished. The language in LSA-R.S. 14:20 (3) clearly states a person whoobserves an unlawful entry of a dwelling, a place of business or motor vehicle during the commission of or attempted commission of a burglary or robbery and that person knows or reasonably believes that unlawful force will be used against another person present on such premises or motor vehicle then the homicide is justifiable. On the other hand, LSA-R.S. 14:20(4) allows a person lawfullypresent inside such a premises or motor vehicle to use deadly force if he reasonably believes it necessary to prevent the unlawful entry or to compel the intruder to leave the premises or motor vehicle. In either case the person present is not required to retreat.
In examining these two sections, it is clear that while they both require of the actor the perception of some kind of unlawful force directed at his or her own person or that of another, they deal with different situations and operate independently of each other.
This conclusion addresses the factual situation described in the second part of your question. As stated above, while both these sections require a belief on the part of one who acts that some kind of excessive force will be used by an intruder, the fact that someone is a homeowner who shoots an intruder making an illegal entry into his or her home is not relevant to the applicability of either of these two sections. What determines the application of one of these sections over the other is the location or vantagepoint of the person who commits the justifiable homicide. As mentioned above, LSA-R.S. 14:20(3) allows the observer of a situation presenting imminent peril to another person to act in a justifiable way under certain prescribed circumstances whereas LSA-R.S 14:20(4) allows a person lawfully present inside who fears for his or her own personal safety to act in a justifiable way. Therefore, whether the observer or the one present is a homeowner is not relevant to this kind of inquiry.
Therefore, it is our opinion that while the above sections of LSA-R.S. 14:20 both require of one who commits a justifiable homicide the reasonable perception of some type of unlawful force directed at his or her own person or that of another, they are independent of each other and address two separate situations in which such a defense is available. The fact that one may be a homeowner who shoots someone who makes an illegal entry into his or her home is not determinative of the applicability of either of these sections.
Sincerely yours,
 FREDERICK A. DUHY
ASSISTANT ATTORNEY GENERAL